UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDY MASON, individually and derivatively on behalf of A & W SOUTHERN SOD FARMS LLC; CLAY HEAD, individually and derivatively on behalf of A & W SOUTHERN SOD FARMS LLC; A & W SOUTHERN SOD FARMS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM HEAD; JULIE HEAD; TENNESSEE ELITE SOD FARM, LLC,<br><br>Defendants. | NO. 3:25-cv-01362 |

## MEMORANDUM OPINION AND ORDER

William Head, Julie Head and Tennessee Elite Sod Farm, LLC ("Defendants") filed a Notice of Removal on November 21, 2025. (Doc. No. 1). They did so because the November 12, 2025 Second Amended Verified Complaint ("Second Amended Complaint") filed by Andy Mason and Clay Head, individually and derivatively on behalf of A & W Southern Sod Farms, LLC, ("Plaintiffs"), alleged that William Head breached fiduciary duties in an IRA plan governed by the Employee Retirement Income Security Act of 1974. (Doc. No. 1-3 at 14-17). Based upon that federal law, Defendants maintain removal to this Court is proper. Plaintiffs disagree and have filed a motion to remand. (Doc. No. 13). Plaintiffs argue that Defendants' removal is beyond the strict 30 day time limit in 28 U.S.C. § 1446(b)(3), which states:

> . . . a notice of removal may be filed within 30 days after the receipt by the Defendant, through service or otherwise, of a copy of an amended pleading . . . or

1

other paper from which it may first be ascertained that the case is one which is or has become removeable.

Plaintiffs support their argument for remand with emails of Defendants' counsel. The Connor Group v. Raney, 2015 WL 13651287 *8 (S.D. Ohio Feb. 18, 2015) (Defendant's emails that showed Defendant's knowledge of the amount in controversy were sufficient to require remand because removal was not timely); Hiser v. Seay, 2014 WL 6885433 *3 (W.D. Ky Dec. 4, 2014) (citing cases that emails constitute "other paper").

Prior to November 12, 2025, when Plaintiffs filed the Second Amended Complaint, Defendants knew that Plaintiffs developed evidence of William Head's possible unauthorized contributions in the A & W Southern Sod Farms, LLC retirement plan. In a series of emails on September 2, 2025, the parties' lawyers discussed that William Head received a $26,725.20 contribution to his IRA account and $19,000 was returned by him. (Doc. No. 13-1 PageID 419-421). Then, on November 7, 2025, the parties lawyers discussed a possible amendment of the complaint. (Doc. No. 13-1 PageID 423, 429). Defendants had actual knowledge that ERISA was implicated because Defendants specifically cited 26 U.S.C. § 408 (Individual Retirement Account) after receipt of Plaintiffs' counsel email.

As Defendants describe this case, this action was initially filed when William Head, Clay Head and Andy Mason were unable to reach an agreement to dissolve the LLC. In the initial Verified Complaint Andy Mason and Clay Head alleged that William Head breached his fiduciary duty owed to Andy and Clay. (Doc. No. 1-4 at 5). In the First Amended and Restated Verified Complaint, Andy and Clay again alleged that William had breached his fiduciary duty to them. (Doc. No. 1-4 at 6). In that pleading, Andy and Clay specifically alleged more than $500,000 of unauthorized transfers by William to his company that eventually went to him. Id. at 7. So months

2

before the Second Amended Complaint, Plaintiffs knew that unauthorized transfers to William were at the heart and soul of this case. The September 2025 discovery of possible unauthorized IRA contributions was consistent with Plaintiffs' theory of the case from the very beginning. The November 21, 2025 Notice of Removal was more than 30 days after Defendants had actual knowledge that Plaintiffs' fiduciary duty allegations implicated the IRA plan governed by ERISA. Accordingly, Plaintiffs motion for remand is **GRANTED**. The Clerk shall return this case to Chancery Court for Robertson County, Tennessee.

Plaintiffs' request for attorneys' fees under 28 U.S.C. § 1447(c) is **DENIED**. The Court finds that Defendants had an objectively reasonable basis for removal (the Second Amended Complaint). Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE